## Fulton National Bank v. Dickinson.

*George T. Hambright* and *John E. Malone*, for plaintiff.

*Harris C. Arnold* and *John A. Coyle*, for defendant.

GROFF, J., July 6, 1929.—On Feb. 20, 1929, the plaintiff, the Fulton National Bank of Lancaster, issued a summons in trespass against Anna R. Dickinson. The statement filed in the case alleges fraud and deceit, in that the defendant, together with her husband, I. Haines Dickinson, now deceased, made certain false and fraudulent representations in writing in the nature of financial statements submitted to the plaintiff, through which the plaintiff was induced to loan to the Quarryville Shoe Company, with the endorsement of the said I. Haines Dickinson and others, the total sum of $25,500. The said I. Haines Dickinson was the president and principal stockholder of the Quarryville Shoe Company, and Anna R. Dickinson was the vice-president.

The defendant, on April 6, 1929, moved to strike off the statement of claim filed in the above case for two reasons:

"1. The said statement does not contain, nor have attached to it, a copy or copies of the alleged fraudulent written statement upon which the plaintiff relies and bases its claim.

"2. The said statement does not contain, nor have attached to it, any copies of the promissory notes upon which it relies and bases its claim."

Section 21 of the Practice Act of 1915 provides as follows: "The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct."

This section was amended by the Act of May 23, 1923, P. L. 325, by adding the following: "Provided, that such motion to strike from the record any such pleading shall be filed and a copy thereof served upon the party filing such pleading, or his attorney, within fifteen days after a copy of such pleading shall have been served upon the opposite party or his attorney."

Section 5 of the Practice Act of May 14, 1915, P. L. 483, among other things, provides: "Every pleading shall have attached to it copies of all notes, contracts, book entries, or a particular reference to the records of any court

within the county in which the action is brought, if any, upon which the party pleading relies for his claim, or defense, as the case may be."

Does the plaintiff rely for its claim upon the statements made in writing and submitted to it by the defendant and her deceased husband? We think not. These statements are only evidence to support the action brought by the plaintiff to recover its loss by reason of the representations of which the statements are only evidence. Neither do the promissory notes referred to in the statement, and purchased by the Fulton National Bank, constitute the basis of the action upon which the plaintiff relies, but they, too, are only evidence of the money parted with by the bank by reason of the fraudulent representations of the defendant.

In an action to recover damages for negligence, in Ellsworth v. O'Keefe, 26 Dist. R. 277, a motion was made for judgment for want of a sufficient affidavit of defense on the ground, among others: "(a) The plaintiff's statement of claim fails to aver whether the agreement under which the goods were delivered to the defendant was written or verbal, and, if written, the failure of the plaintiff to set forth a copy of said agreement."

The court said: "The objection that the plaintiff has failed to state whether the agreement under which the goods were delivered to the defendant was written or verbal, and, if written, that the plaintiff has failed to set forth a copy of said agreement, is not, in our opinion, well founded."

And then, referring to paragraph 5 of the Practice Act, it says: "Yet it is quite clear that the plaintiff in his statement filed in this case does not rely upon any written or oral agreement, but that he is suing in an action ex delicto for the negligence of the defendant in failing to forward plaintiff's goods with reasonable diligence," which we think was the correct conclusion.

And in the case of Wm. Penn Motor Indemnity Exch. v. Elliott, 4 D. & C. 332, where a rule to strike off plaintiff's statement was discharged for the reason that certain documents referred to were not attached, Baldrige, P. J., says: "The plaintiff in this case seeks to recover, not upon the policy of insurance, but on a written agreement which embraced the application for insurance, a copy of which agreement is attached to the plaintiff's statement. Other documents which the defendant seeks to have attached are simply evidential and are not required to be attached to and made part of the plaintiff's statement."

Section 9 of the Practice Act says: "The statement of claim shall be as brief as the nature of the case will admit. In actions on contracts, it shall state whether the contract was oral or in writing. . . ."

And section 5 of the Practice Act says: "Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or defense, as the case may be, but not the evidence by which they are to be proved. . . ."

A careful examination of this case leads us to the conclusion that the documents complained about by the defendant, if filed, would violate the provision of section 5 of the Practice Act, which we have quoted above, and would be in contravention of section 9 of the Practice Act, which requires a statement to be as concise as possible. The basis of the action, as alleged in the statement, is the deceit practiced by the defendant in obtaining the money from the bank. Nothing is sought to be recovered either on the notes given in the case, or on the financial statements filed.

We, therefore, discharge the rule to strike off plaintiff's statement, and allow the defendant to file an affidavit of defense, if he so desires, within fifteen days from the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.